OPINION
{¶ 1} Appellant, Anthony Lee Dale, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting appellee's, Stephanie Dale's, complaint for divorce. For the following reasons, we affirm.
 {¶ 2} On January 11, 2002, appellee filed a complaint against appellant seeking a divorce, legal custody of the parties' child, temporary and permanent child support, and the equitable division of the parties' property. Appellant, a prisoner in the Pickaway Correctional Institution at the time the complaint was filed, filed a pro se answer on March 27, 2002. In the last paragraph of the answer, appellant requested, among other things, that the trial court "appoint legal counsel to represent or assist him, and Order his attendance at all hearings on this matter."
 {¶ 3} After notice to all the parties, a final hearing on appellee's complaint occurred on May 8, 2002. On the same day, the trial court issued a judgment entry granting appellee a divorce on the grounds of incompatibility and appellant's incarceration.
 {¶ 4} Appellant never filed a motion requesting that he be permitted to attend the final hearing. Likewise, the trial court never addressed the issue.
 {¶ 5} On appeal, appellant assigns the following errors:
 {¶ 6} "1. The trial court denied Appellant's right to due process by failing to make the determination of whether Appellant's presence at the final hearing was necessary and by not exploring alternative options of disposing of the case on the merits.
 {¶ 7} "2. The trial court erred as a matter of law in granting the divorce on the grounds of incompatibility."
 {¶ 8} By his first assignment of error, appellant argues that the trial court erred by failing to decide whether appellant should be permitted to attend the final hearing on appellee's divorce complaint. We disagree.
 {¶ 9} An incarcerated individual does not have an unconditional due process right to attend the hearings and trial of a civil action to which he is a party. Sweet v. Sweet (Mar. 24, 2001), Richland App. No. 00-CA-99; Vild v. Vild (Mar. 23, 2000), Cuyahoga App. No. 75730; Fraley v. Fraley (July 16, 1999), Montgomery App. No. 17496; Nye v. Nye (June 25, 1997), Hamilton App. No. C-960461; Waites v. Waites (Mar. 25, 1994), Lake App. No. 93-L-120; Marshall v. Marshall (May 12, 1989), Lucas App. No. L-88-239. Although a trial court may order a prisoner's attendance at hearings and trial, the decision to do so rests within the trial court's sound discretion. Id.
 {¶ 10} A request that a trial court order a prisoner's attendance at trial must be made by motion. Civ.R. 7(B)(1) ("[a]n application to the court for an order shall be by motion which * * * shall state with particularity the grounds therefor, and shall set forth the relief or order sought"). A party is required to file a motion when seeking a court order so that the trial court's attention is drawn to the issue. Further, by requiring a movant to file a motion stating the grounds for relief with particularity, Civ.R. 7(B)(1) ensures that the non-moving party can formulate an appropriate response. Warner v. Donnell (Sept. 30, 1998), Sandusky App. No. S-98-002.
 {¶ 11} In the case at bar, appellant did not file a motion requesting that the trial court order his attendance at trial. Rather, appellant expressed his desire for such an order only in the concluding paragraph of his answer. Appellant's inclusion of this request in the body of his answer neither drew the trial court's attention to the issue of appellant's attendance at trial nor provided appellee with the opportunity to respond to the issue. Without a pending motion, the issue was not before the trial court and the trial court could not rule upon it. Consequently, we conclude that the trial court did not err by failing to decide whether to allow appellant's presence at the final hearing.
 {¶ 12} Additionally, we note that appellant's attendance at the final hearing would not have had any affect on the outcome of the proceedings. As appellant was admittedly incarcerated in a state correctional institution at the time appellee filed her complaint for divorce and at the time of the final hearing, appellant could not present any evidence to alter the trial court's conclusion that appellee was entitled to a divorce on the ground of imprisonment. See R.C. 3105.01(H) (discussion supra). Further, due to appellant's imprisonment, he could neither be allocated any parental rights or responsibilities for the parties' minor child, nor could he pay any significant child support.[1]
Therefore, appellant was not prejudiced by his absence from the final hearing.
 {¶ 13} By appellant's second assignment of error, he argues that the court erred by granting appellee a divorce on the ground of incompatibility. A trial court has broad discretion in determining the proper grounds for a divorce, and a reviewing court will not reverse that determination absent a finding that the trial court's decision was unreasonable, arbitrary or unconscionable. Buckles v. Buckles (1988),46 Ohio App.3d 102, 116. Pursuant to R.C. 3105.01, a trial court "may grant divorces for * * * [i]mprisonment of the adverse party in a state or federal correctional institution at the time of filing the complaint; [or] * * * [i]ncompatibility, unless denied by either party." Because appellant denied that the parties were incompatible in his answer, the trial court abused its discretion in granting the divorce on that ground. However, the trial court also cited appellant's imprisonment as an additional ground for granting the divorce. As appellant does not dispute that he was imprisoned in Pickaway Correctional Institution at the time the complaint was filed, the trial court did not abuse its discretion in granting the divorce on the ground of imprisonment. Therefore, we conclude that the trial court properly granted appellee a divorce.
 {¶ 14} Finally, after appellee failed to file a brief, appellant filed a motion before this court requesting that we reverse and remand this case pursuant to App.R. 18(C). In part, App.R. 18(C) states, "[i]f an appellee fails to file the appellee's brief within the time provided by this rule * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Because we have concluded herein that errors asserted in appellant's brief do not warrant the reversal and remand of this action, we deny appellant's motion.
 {¶ 15} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article, IV, Ohio Constitution.
[1] Although appellant cannot now engage in shared parenting with appellee, upon release from prison, appellant may file a motion to modify the current allocation of parental rights and responsibilities. See R.C.3109.04(E)(1)(b).